Johnson v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand sixteen.

PRESENT:
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

Vincent C. Johnson,

> *Plaintiff-Appellant*,

> v.                                                                                      **14-4718**

City of New York,

> *Defendant-Appellee,*


New York City Police Department,

> *Defendant.*

_____

**FOR PLAINTIFF-APPELLANT:**          Vincent C. Johnson, pro se, Staten Island, N.Y.

**FOR DEFENDANTS-APPELLEES:**       Scott Shorr, Assistant Corporation Counsel for
                                                              Zachary W. Carter, Corporation Counsel of the City
                                                              of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for Southern District of New York (Pitman, *M.J.*; Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Vincent C. Johnson, proceeding pro se, appeals the district court's grant of summary judgment to the Appellees on his 42 U.S.C. § 1983 claim that police officers were deliberately indifferent to an ankle injury he sustained by delaying his arrival at a hospital and temporarily depriving him of crutches and forcing him to hop on his uninjured foot for short distances, in violation of his rights under the Fourteenth Amendment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, Johnson has explicitly abandoned his deliberate indifference claim based on the delay in treating his injured ankle by failing to argue that claim in his brief and asserting, in that brief, that it is not an issue in his case. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (a pro se litigant's failure to raise an issue in his appellate brief results in abandonment of that issue). Accordingly, we do not address that claim.

We review de novo a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We are required to resolve all ambiguities and draw all inferences in favor of the non-movant. *Nationwide Life Ins. Co. v. Bankers Leasing Assoc., Inc.*, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for

the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Upon review, we have concluded that the district court correctly granted summary judgment to the City of New York on Johnson's claim that police officers were deliberately indifferent to his ankle injury based on the deprivation of his crutches, for the reasons stated in the magistrate judge's well-reasoned report and recommendation.

We have considered all of Johnson's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk